

September 7, 2022

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:     <u>Response Letter</u>
        Stephen Gannon v. 265 W. 37th Street LLC, et al.
        Case # 1:22-cv-00619-KPF

Dear Judge Failla,

This law firm represents Plaintiff Stephen Gannon ("Plaintiff") in this action and writes in compliance with the Court's order of August 30, 2022 regarding mediation and discovery issues.

**Procedural History of Case Delays**

The Complaint in this matter was filed on January 24, 2022 (docket no. 1). Service was complete on February 8, 2022 (docket no.s 8 and 9). The answer to the Complaint was due on March 1, 2022.

First Extension: On March 4, 2022, three days after the answer was due and facing a pending default certificate for the clerk of court, Defendant Westside Donut 8th Ave. Ventures LLC requested an extension of time to respond to the Complaint (docket no. 12) and the Court granted the request and ordered an answer be filed by March 31, 2022 (docket no. 14).

Second Extension: On March 21, 2022 Defendant 265 W. 37th Street LLC requested a second deadline extension to April 18, 2022 (docket no 15) and the Court granted the second extension with an answer due on April 18, 2022 (docket no. 16).

**Adam D. Ford**                                           adam.ford@fordhufflaw.com
228 Park Avenue South                                              (212) 287-5913
New York, New York 10003                                       www.fordhufflaw.com

Re: Response Letter
September 7, 2022
Page **2** of **4**

Third Extension: On March 23, 2022 Defendant Westside Donut 8th Ave. Ventures LLC requested their deadline to respond be extended to April 18, 2022 (docket no. 18) and the Court granted this third extension request (docket no. 19

Fourth Extension: On May 18, 2022, a full month after the answer was due, Defendants jointly requested a further extension on their deadline to answer the complaint to May 25, 2022 (docket no. 22) and the Court granted this fourth extension request (docket no. 23).

Plaintiff did not agree to any of these four extensions.

On June 2, 2022, eight days after the answer was due under the most recent previous Court order, and over three months from the original answer deadline in the case, the Defendants finally filed their Answer (docket no. 28).

**Mediation**

A week later, on June 10, 2022, this Court ordered mediation via the Court-annexed Mediation Program (docket no. 32). On Friday, June 17, 2020 the Mediation Office reached out by email to the parties looking for a date to schedule the mediation.

**Accident and Concussion**

On the evening of Saturday June 16, 2022, before mediation had been scheduled, while at a full stop at a red light at the bottom of an interstate freeway off-ramp in rural Utah, undersigned counsel was rear-ended by a distracted driver at the wheel of a large Ford F-150 truck traveling approximately 40 miles per hour, totaling his vehicle and causing a severe concussion.

Counsel is a U.S. Army veteran, served as an Arabic linguist, and was medically discharged after suffering a service-related severe head injury. After that injury, counsel suffered significant short-term memory loss. This recent accident caused a relapse of the previous short-term memory loss, but to a much lesser degree.

Dealing with memory issues is particularly challenging as one does not know what one is not remembering. Although significant progress towards full recovery has been made, counsel



Re: Response Letter
September 7, 2022
Page **3** of **4**

is aware that some things have been missed over the last few months. Counsel apologizes to the Court and to opposing counsel for every inconvenience, including the present filings.

As counsel's recovery progresses, counsel has hired additional staff to assist in making sure no deadlines are missed. Counsel's memory issues are not the significant impediment they had been over the last few months. Counsel apologizes to this Court and opposing counsel for not pushing the case forward as he would have liked and can now commit to doing so.

**Discovery Responses Were Not Tardy Under the Law**

On July 15, 2022 Defendants sent to Plaintiff's counsel, via email only, Interrogatories and Requests to Produce Documents. The certificate of service attached to both discovery requests accurately states "This is to certify that on July 15, 2022, a copy of the foregoing was served via e-mail on: Adam Ford, Esq., Ford & Huff LC, adam.ford@fordhufflaw.com and Brian Bendy, Esq., Belkin Burden Goldman, LLP, bbendy@bbgllp.com."

Pursuant to F.R.C.P. 5(b)(2) discovery requests must be served by U.S. Post Office mail delivery unless "sending it by other electronic means that the person consented to in writing." The Committee Note makes clear that consent must "be express, and cannot be implied from conduct." A review of case law in the Second Circuit makes clear that failure to serve any required document by mail is a fatal flaw and obviates the recipient's obligation to answer by a set date.[1]

To be clear, Plaintiff's failure to respond to discovery within 30 days was not an attempt at technical gamesmanship under the service mandates of Rule 5. As a factual matter, the discovery was neglected due to the accident and recovery issues. But as a legal matter, the responses were not (and are not yet) due as they have not been properly served. It would be therefore inappropriate to sanction Plaintiff in any way for their failure to respond.

**Discovery Responded To and Served**

Regardless of the Rule 5(b)(2) legal reality regarding proper service, Plaintiff's counsel has now fully responded to the discovery requests (including later emailed requests to admit),

---

[1] See, e.g., Kaplan v. Merrill Lynch, Pierce, Fenner & Smith Inc., 2022 U.S. Dist. LEXIS 104337 (S.D.N.Y. June 10, 2022); Dalla-Longa v. Magnetar Cap. LLC, 33 F.4th 693, 2022 U.S. App. LEXIS 12818 (2d Cir. 2022); Sit N' Stay Pet Servs. v. Hoffman, No. 17-CV-00116-LJV-JJM, 2019 U.S. Dist. LEXIS 17731 (W.D.N.Y. Feb. 1, 2019).



Re: Response Letter
September 7, 2022
Page **4** of **4**

as well as served their own discovery requests (properly by mail), as evidenced by docket no. 38.

**Willingness to Engage in Mediation**

    Plaintiff is willing and able to fully participate in mediation and would like to do so. Plaintiff requests that the mediation be re-opened without delay.

    Plaintiff asks the Court to forgive his counsel and allow the case to proceed. Plaintiff asks the Court to recognize that at the outset of the case Defendants caused over three months of delays before answering the Complaint, a period of time longer than any delay incurred over the past few months. Plaintiff should not be punished nor his case prejudiced in the present circumstances.

    Plaintiff and his counsel thank the court for its attention in this matter and, again, apologize for wasting its time with this matter.

Respectfully Submitted,

Adam Ford
Ford & Huff LC

cc:     All Counsel of Record (via ECF)

